```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          LAFAYETTE DIVISION


WAYNE ALLEN FENDER, DONNA MARIE      )
PULOUS, and HEATHER MOCK,            )
                                     )
              Plaintiffs,            )
                                     )     4:14-CV-024
         vs.                         )    (4:14-CV-061)
                                     )
SARAH SAILORS, SALLY HERNANDEZ,      )
ASHLEY PETERS, PATRICK MANAHAN,      )
CHRISTIAN BRAMLAGE, KURTIS FOUT,     )
DCS, THE STATE OF INDIANA,           )
ABIGAIL DIENER, SAMANTHA DAGENAIS,   )
and ANALEI WHITLOCK,                 )
                                     )
              Defendants.            )
```

**OPINION AND ORDER**

This matter is before the Court on: (1) the complaint filed by *pro se* plaintiffs, Wayne Fender and Donna Marie Pulous, on March 10, 2014 (cause no. 4:14-cv-024, DE #1); (2) the complaint filed by *pro se* plaintiffs, Wayne Fender, Donna Marie Pulous, and Heather Mock, on August 7, 2014 (cause no. 4:14-cv-061, DE #1); (3) the motion to supplement, filed by *pro se* plaintiffs, Wayne Fender, Donna Marie Pulous, and Heather Mock, on September 18, 2014 (cause no. 4:14-cv-061); and (4) the motions to dismiss filed by the various defendants in both cause numbers as related to the aforementioned complaints (cause no. 4:14-cv-024, DEs #23 & #34;

cause no. 4:14-cv-061, DEs #21, #26, #29, #31, #34.)  For the reasons set forth below, the Court:

(1) **STRIKES** both complaints;

(2) **DIRECTS** the clerk to place cause number 4:14-cv-024 on a blank *pro se* Complaint 42 U.S.C. § 1983 form and send it to plaintiffs Wayne Fender, Donna Marie Pulous, and Heather Mock;

(3) **GRANTS** plaintiffs until May 7, 2015, to submit an amended complaint;

(4) **CAUTIONS** plaintiffs that if they do not respond by that deadline, this case will be dismissed without further notice;

(5) **DENIES** the motion to supplement as moot;

(6) **DENIES** the motions to dismiss as moot; and

(7) **DIRECTS** the clerk to close the case in cause number 4:14-cv-061.

BACKGROUND

*Pro se* plaintiffs, Wayne Fender and Donna Marie Pulous, filed their original complaint in cause number 4:14-cv-024 on March 10, 2014. Although written on a standard Complaint 42 U.S.C. section 1983 form, the form itself only lists the alleged causes of

action;[1] the supporting facts and "evidence" are incorporated by reference over sixty plus additional pages. On May 5, 2014, several defendants, namely the State of Indiana, DCS, Sarah Sailors, Sally Hernandez, Ashley Peters, and Judge Kurtis Fouts, filed a motion to dismiss the complaint, arguing it was unintelligible and failed to state any claims for relief. On May 13, 2014, plaintiffs filed a response in opposition to the motion to dismiss and later filed a supplement to that response. On August 7, 2014, *pro se* plaintiffs Wayne Fender and Donna Marie Pulous, along with additional *pro se* plaintiff Heather Mock, filed another complaint, this time in cause number 4:14-cv-061. That complaint, also written on a standard section 1983 form, added several new defendants to the list. For the causes of action section, plaintiffs only stated that "we provided paperwork that gives a clear-cut view of our evidence." That attached paperwork spans the course of over one-hundred and seventy pages. Plaintiffs later filed a motion to supplement that complaint with another sixteen pages of single-spaced argument and "evidence." On August 12, 2014, defendant Patrick Manahan filed a motion for judgment on the pleadings in cause number 4:14-cv-024 for failure to state a claim, arguing that "it is difficult to discern what the plaintiffs

---

[1] The complaint lists defamation of character, discrimination, libel, constitutional infringement, religious bias, perjury, filing false report, false accusations, alternative healing bias, and family bias as supposed causes of action.

3

believe Patrick Manahan did wrong, much less why he is a defendant here."

On September 22, 2014, defendants, Sarah Sailors, Sally Hernandez, Ashley Peters, Kurtis Fouts, DCS, and the State of Indiana, filed a motion to consolidate the two cases pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule Rule 42-2. On October 21, 2014, the motion to consolidate was granted by Magistrate Judge John E. Martin, who stated that "the cases involve common issues of law and fact relating to the removal of a child from the care of [plaintiffs]. Trying the cases separately would require duplication of efforts, both on behalf of the parties and of the Court, and might result in inconsistent results." Judge Martin directed that all future filings were to be made in cause number 4:14-cv-024 only. Prior to that time, however, the following filings were made in cause number 4:14-cv-061: (1) on September 26, 2014, defendant, Analei Whitlock, filed a motion to dismiss, arguing that plaintiffs' complaint was "unintelligible" and failed to state any valid claims; (2) on September 29, 2014, defendants, Ashley Peters and the State of Indiana, filed a motion to dismiss plaintiffs' complaint arguing that it was "un-intelligible," failed to state a claim for possible relief, and was actually just an improper attempt to amend the original complaint in cause number 4:14-cv-024; (3) on September 30, 2014, defendant, Samantha Dagenais, filed a motion to dismiss or for a more definite

4

statement, arguing that plaintiffs' complaint including the attached "evidence" was "so lengthy and incomprehensible" that it failed to state any "coherent or intelligible" claims; (4) also on September 30, 2014, defendant, Abigail Diener, filed a motion to dismiss, arguing that plaintiffs' complaint was "illogical," devoid of any factual basis, and failed to meet federal pleading standards; and (5) on October 6, 2014, defendant, Christin Bramlage, filed a motion to dismiss, arguing that the complaint and "evidence" together were "so lengthy and incomprehensible" that they failed to contain any "coherent or intelligible" claims. Plaintiffs filed responses to the motions, along with several supplements and/or status updates, some of which were stricken by Magistrate Martin for failure to comply with the Local Rules, and none of which shed any real light on the nature of plaintiffs' claims.

ANALYSIS

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, "parties [must] make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States*

*ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). They must "be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages . . . ." *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) ("A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.") and *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the plaintiff's claims). In sum, Rule 8 requires a complaint to be presented with "intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and [,] if so [,] what it is." *Vicom*, 20 F.3d at 775. Wordy, redundant, and seemingly interminable complaints violate the letter and the spirit of Rule 8 and may be dismissed with leave to refile. *Id*. at 776. Here, plaintiffs' complaints fail to meet these standards. Therefore the complaints will be **STRICKEN**, and plaintiffs will be given time to file an amended complaint in cause number 4:14-cv-024 only.

The amended complaint needs to contain a short and plain statement of what happened to plaintiffs to give rise to their claims. They need to state when these events occurred and clearly explain how each defendant was involved with each claim that they are raising against that defendant. Additionally, the complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations and footnote

7

omitted). "[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal* at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). However, the plaintiffs should *not* resort to attaching voluminous pages of documents or "evidence" in place of the requirements stated above.

CONCLUSION

For the foregoing reasons, the Court:

(1) **STRIKES** both complaints;

(2) **DIRECTS** the clerk to place cause number 4:14-cv-024 on a blank *pro se* Complaint 42 U.S.C. § 1983 form and send it to plaintiffs Wayne Fender, Donna Marie Pulous, and Heather Mock;

(3) **GRANTS** plaintiffs until May 7, 2015, to submit an amended complaint;

(4) **CAUTIONS** plaintiffs that if they do not respond by that deadline, this case will be dismissed without further notice;

(5) **DENIES** the motion to supplement as moot;

(6) **DENIES** the motions to dismiss as moot; and

(7) **DIRECTS** the clerk to close the case in cause number 4:14-cv-061.

**DATED: March 31, 2015**                    **/s/Rudy Lozano, Judge**
                                             **United States District Court**